The STATE of Texas, Appellant,

v.

Corey Dewayne FISHER, Appellee.

No. 06–05–00206–CR.

Court of Appeals of Texas, Texarkana.

Submitted May 18, 2006.

Decided June 20, 2006.

Discretionary Review Refused Sept. 20, 2006.

Ray Bowman, Asst. Dist. Atty., William M. Jennings, Dist. Atty., Longview, for appellant.

Clement Dunn, Longview, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

OPINION

Opinion by Chief Justice MORRISS.

By the time the trial court released Corey Dewayne Fisher based on its finding

that Fisher had been denied a speedy trial, Fisher had been in jail for almost ten months on felony charges of possession of more than four grams of cocaine with intent to deliver, possession of more than four, but less than 200 grams of cocaine, and possession of a firearm by a felon. The State appeals. *See* TEX.R.APP. P. 26.2(b).

This appeal concerns Fisher's charge of possessing a weapon while a felon. *See* TEX. PEN.CODE ANN. § 46.04 (Vernon Supp. 2005). The issues in this appeal are identical to those presented in *State v. Fisher*, 2006 WL 1676200, 198 S.W.3d 332, (Tex. App.–Texarkana, 2006). the felony cocaine possession case. All but a few of the facts presented in that appeal are the same as in this case. As a result, our opinion in that appeal is directly applicable to this appeal, with only the differences noted below.

In both cases, the State offered as its reason for delay its need to get laboratory work done on the substance alleged to be cocaine. Certainly, before the State went to trial in the cocaine possession case it needed a laboratory report that the substance was in fact cocaine. That report was not needed at all to try the weapon possession charge. We recognize the State's right to try certain charges together, and the benefit in economy of resources in doing that. *See* TEX. PEN.CODE ANN. § 3.02 (Vernon 2003) (charges arising from same criminal episode may be tried together). But in this case, the reason for delay—the second *Barker*[1] factor—is weaker than in the cocaine possession case and is

therefore moderately weighted against the State.

But, considering the other *Barker* factors and their relative weights as stated in *State v. Fisher*, 198 S.W.3d 332, we still hold the trial court erred in weighing the *Barker* factors. As we state in our opinion in the companion appeal, the length of the delay should be accorded a slight weight against the State, Fisher's assertion of his right to a speedy trial should be accorded a slight weight against Fisher, and the prejudice factor should be weighted moderately against Fisher.[2]

We conclude the weight we have assigned the various factors fails to tip the scales of justice in favor of finding a violation of Fisher's right to a speedy trial. Therefore, we reverse the trial court's judgment and remand this case for further proceedings in accordance with this opinion.

---

1. See *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182 (1972); see also *Harris v. State*, 827 S.W.2d 949, 956 (Tex.Crim.App. 1992).

2. We note, also, that the felony charges in this case and the companion appeal were not the only charges pending against Fisher during the time in question. Though the other charges are not thoroughly described in the record, there were other pending charges that may have kept *Fisher* in jail notwithstanding an earlier resolution of the felony charges involved in this, and the companion, appeal. To that extent, the prejudice to *Fisher* in each case may have been reduced to zero. See *Kelly v. State*, 163 S.W.3d 722, 730 (Tex.Crim. App. 2005).